IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BLANCA MARISELA GALLEGOS REYES, Individually and on behalf of the Estate of Fernando Espino Delgado and as next friend of CRISTOFER DE JESUS ESPINO GALLEGOS, a minor, JESUS ESPINO SIFUENTES, and CONSUELO DELGADO BRIONES, | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO._____ |
| *Plaintiffs*, | | |
| v. | | |
| UNITED STATES OF AMERICA and DIMMIT COUNTY, TEXAS and JORGE LUIS MONSIVAIS, JR. | | |
| *Defendant.* | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COMES BLANCA MARISELA GALLEGOS REYES, Individually, as wife of Fernando Espino Delgado, deceased; on behalf of CRISTOFER DE JESUS ESPINO GALLEGOS, a minor and son of Fernando Espino Delgado, and on behalf of the Estate of Fernando Espino Delgado; JESUS ESPINO SIFUENTES, father of Fernando Espino Delgado, and CONSUELO DELGADO BRIONES, mother of Fernando Espino Delgado (hereinafter referred to collectively as "Plaintiffs"), in the above-entitled and numbered cause complaining of and about Defendant UNITED STATES OF AMERICA (hereinafter referred to as Defendant "U.S.A."), Defendant DIMMIT COUNTY, TEXAS (hereinafter referred to as Defendant "DIMMIT COUNTY"), and Defendant JORGE LUIS MONSIVAIS, JR. (hereinafter referred to as Defendant "MONSIVAIS"), and would show as follows:

**PARTIES**

1. Plaintiff BLANCA MARISELA GALLEGOS REYES brings a claim individually as the wife of Fernando Espino Delgado, the deceased, and on behalf of the Estate of Fernando Espino

Delgado. Plaintiff BLANCA MARISELA GALLEGOS REYES currently resides in Zacatecas, Mexico.

2. Plaintiff CRISTOFER DE JESUS ESPINO GALLEGOS is the biological son of Fernando Espino Delgado and his claims are being brought by his mother, BLANCA MARISELA GALLEGOS REYES. Plaintiff CRISTOFER DE JESUS ESPINO GALLEGOS currently resides in Zacatecas, Mexico.

3. Plaintiff JESUS ESPINO SIFUENTES brings a claim individually as the biological father of Fernando Espino Delgado, the deceased. Plaintiff JESUS ESPINO SIFUENTES currently resides in Zacatecas, Mexico.

4. Plaintiff CONSUELO DELGADO BRIONES brings a claim individually as the biological mother of Fernando Espino Delgado, the deceased. Plaintiff CONSUELO DELGADO BRIONES currently resides in Zacatecas, Mexico.

5. Defendant UNITED STATES OF AMERICA is the duly constituted and sovereign government of the United States of America. Defendant U.S.A. may be served with process by serving the following (1): John F. Bash, United States Attorney for the Western District of Texas at 601 NW Loop 410 #600, San Antonio, Texas 78216; and (2): William P. Barr, Attorney General of the United States, at the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

6. Defendant DIMMIT COUNTY, TEXAS is a governmental unit. Defendant DIMMIT COUNTY may be served with process by serving County Judge Francisco G. Ponce at 212 N. 4th Street, Carrizo Springs, Texas 78834. TEX. CIV. PRAC. & REM. CODE § 17.024(a).

7. Defendant JORGE LUIS MONSIVAIS, JR. is an individual residing at 86 Ghost Rider Dr., Eagle Pass, Texas 78852, where he may be served with citation. Defendant MONSIVAIS may be served at 86 Ghost Rider Dr., Eagle Pass, Texas 78852 or wherever may be found.

## JURISDICTION

8. Suit is brought for money damages for personal injury and death caused by the negligent or wrongful act or omission of an employee or employees of the United States of America while acting within the scope of his, her, or their office or employment and this Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

9. Pursuant to 28 U.S.C. § 2675(a), Standard Claim Form 95 was filed on or about October 30, 2018 on behalf of Plaintiffs with U.S.B.P. Plaintiffs made claims regarding injuries and damages which were tortiously caused to Plaintiff on or about June 17, 2018 by Defendant. Since that date, on or about February 13, 2019, the U.S.B.P. has rejected Plaintiff's offer of settlement included within Plaintiff's administrative tort claim. The instant suit is duly commenced within six months of the date of that rejections as required by 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9.

10. Pursuant to the Texas Local Government Code and the Texas Tort Claims Act, Defendant DIMMIT COUNTY was given notice of the Plaintiffs' claims on or about October 31, 2018. Defendant DIMMIT COUNTY acknowledged said notice of claim on or about November 20, 2018.

## VENUE

11. A substantial part of the events or omissions giving rise to the claim occurred in this District and venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

12. At all relevant times herein, the United States Customs and Border Protection was a "federal agency" within the meaning of 28 U.S.C. § 2671.

## BRIEF FACTS

13. Plaintiffs' claims stem from fatal injuries suffered by FERNANDO ESPINO DELGADO (hereinafter referred to as "DELGADO"), in a motor vehicle accident on or about June 17, 2018.

14. On said day, DELGADO was a passenger in a vehicle driven by Defendant MONSIVAIS traveling on Texas State Highway 85 (TX-85) near Big Wells in Dimmit County. Upon information

and belief, employees of U.S. Customs and Border Patrol (hereinafter referred to as "USCBP") were in pursuit of three vehicles—MONSIVAIS' vehicle being one of them.

15. At approximately 11:13am that day, although USCBP had control of the chase, a Dimmit County Sheriff's Office (hereinafter referred to as "Dimmit Sheriff") patrol vehicle injected itself into the chase. Upon information and belief, the USCBP vehicles and the Dimmit Sheriff's vehicle commenced to give chase to MONSIVAIS' vehicle at a recklessly high rate of speed in excess of 100 miles per hour. The high-speed chase was unnecessarily reckless and in conscious disregard to the safety of the motoring public and the passengers in MONSIVAIS' vehicle.

16. Upon information and belief, Plaintiffs allege that while the sheriff was recklessly operating his vehicle at a high rate of speed, he made a counter evasive maneuver and impacted MONSIVAIS' vehicle. This impact caused MONSIVAIS' vehicle to lose control, flip over, and eject 12 individuals—DELGADO being one of them.

17. As a result of the incident, DELGADO suffered critical injuries and died at the scene.

18. At the time of the incident, the USCBP agents were working in the course and scope of their employment with the U.S. Customs and Border Patrol, a governmental agency of Defendant U.S.A., and were traveling in vehicles owned by Defendant U.S.A.

19. At the time of the incident, the Dimmit Sheriff was acting in his official capacity as a sheriff of Defendant DIMMIT COUNTY, and was traveling in a vehicle owned by Defendant DIMMIT COUNTY.

20. Plaintiffs bring a common law wrongful death negligence claim against Defendant U.S.A, Defendant DIMMIT COUNTY, and Defendant MONSIVAIS.

## RESPONDEAT SUPERIOR

21. The USCBP agents, at the aforesaid time and place, were agents, servants, or employees of the U.S. Customs and Border Patrol, and were individually an "employee of the government" within the meaning of 28 U.S.C. § 2671, and were operating a vehicle owned by Defendant U.S.A. with the

express permission or consent of Defendant U.S.A. and, as the agents, servants, and employees of Defendant U.S.A., and were therefore acting within the course and scope of their employment with Defendant U.S.A. and the U.S. Customs and Border Patrol.

22. Dimmit Sheriff, at the aforesaid time and place, was an agent, servant, or employee of DIMMIT COUNTY, and was operating a vehicle owned by Defendant DIMMIT COUNTY with the express permission or consent of Defendant DIMMIT COUNTY and, as the agent, servant, and employee of Defendant DIMMIT COUNTY, was acting within the course and scope of his employment with Defendant DIMMIT COUNTY.

23. All negligence of Defendant U.S.A.'s employees, while operating a motor vehicle owned by Defendant U.S.A. and while acting within the course and scope of their employment with Defendant U.S.A. and the U.S. Customs and Border Patrol pursuant to 28 U.S.C. § 1346(b), is imputed to Defendant U.S.A.

24. All negligence of Defendant DIMMIT's employee, while operating a motor vehicle owned by Defendant DIMMIT and while acting within the course and scope of his employment with Defendant DIMMIT and the Dimmit County Sheriff's Office pursuant to TEX. CIV. PRAC. & REM. CODE § 101.021.

### NEGLIGENCE & NEGLIGENCE PER SE OF DEFENDANT U.S.A.

25. Said collision and Plaintiffs' damages were proximately cause by Defendant U.S.A.'s employees' violations of the laws of the State of Texas and of the United States of America constituting negligence per se.

26. Defendant U.S.A.'s employees owed a reasonable degree of care to Plaintiffs. Plaintiffs allege that the collision and their damages were proximately caused by the negligence of Defendant U.S.A.'s employees.

27. Defendant U.S.A. is liable for its employees' negligence arising from one or more of the following acts or omissions on the part of Defendant U.S.A.'s employees:

a. Failure to drive with due regard for the safety of all persons, including Fernando Espino Delgado;
b. Driving in a manner that the agents knew or should have known posed a high degree of risk or serious injury;
c. Driving in a manner that posed a high degree of risk or serious injury to individuals, including Fernando Espino Delgado,
d. Driving with reckless disregard for the safety of others;
e. Driving recklessly in violation of Tex. Transp. Code Ann.§ 545.401;
f. Driving at a speed greater than is reasonable and prudent under the circumstances then existing, in violation of § 545.351(a) of the Texas Transportation Code;
g. Driving at a speed greater than was reasonable and prudent under the conditions, having regard to actual and potential hazards then existing, and failing to control the speed of the motor vehicle of Defendant as necessary to avoid colliding with Plaintiff's motor vehicle that was on the highway in compliance with the law and the duty of each person to use due care, in violation of § 545.351(b) of the Texas Transportation Code;
h. Driving at a speed in excess of the posted speed limit for the roadway at or near where the collision the subject of this lawsuit occurred which is prima facie evidence that the speed of the motor vehicle of Defendant was unlawful and not reasonable and prudent, in violation of § 545.352 of the Texas Transportation Code;
i. Failing to maintain an assured clear distance between Defendant's motor vehicle and Plaintiff's motor vehicle so that, considering the speed of the motor vehicles, traffic, and the conditions of the highway, Defendant's motor vehicle could be safely brought to a stop without colliding with or veering into the vehicle that Plaintiff was in, in violation of § 545.062 of the Texas Transportation Code;
j. Failing to maintain proper control of his vehicle as a person using ordinary care would have done under the same or similar circumstances;
k. Failing to comply with a traffic-control device in violation of Tex. Transp. Code § 544.004;
l. Failing to stop as close as possible to the scene after the ejection of 12 individuals from the vehicle in violation of Tex. Transp. Code § 550.021;
m. Negligently driving at a speed of over 100 miles per hour on public roadways;
n. Failing to turn Defendant's motor vehicle to the right to avoid the collision as a person using ordinary care would have done;
o. Failing to turn Defendant's motor vehicle to the left to avoid the collision as a person using ordinary care would have done;
p. Failing to sound the horn on Defendant's motor vehicle or give any other warning as a person using ordinary care would have made;
q. Failing to make timely or proper application of the brakes on Defendant's motor vehicle as a person using ordinary care would have made;
r. Negligent steering of a motor vehicle;
s. Failure to keep a proper lookout;
t. Failure to avoid a collision;
u. Failure to warn of the dangers;
v. Failure to pay attention;
w. Failure to take proper evasive action; and
x. Other acts of negligence.

Each of which acts or omissions were other than what a reasonable and prudent person

would have been doing under the same or similar circumstances.  Each of which acts or omissions

was a proximate cause of Plaintiffs' damages.

## NEGLIGENCE & NEGLIGENCE PER SE OF DEFENDANT DIMMIT COUNTY

28. Said collision and Plaintiffs' damages were proximately cause by Defendant DIMMIT COUNTY's employee's violations of the laws of the State of Texas and of the United States of America constituting negligence per se.

29. Defendant DIMMIT COUNTY's employee owed a reasonable degree of care to Plaintiffs. Plaintiffs allege that the collision and their damages were proximately caused by the negligence of Defendant DIMMIT COUNTY's employee.

30. Defendant DIMMIT COUNTY is liable for its employee's negligence arising from one or more of the following acts or omissions on the part of Defendant DIMMIT COUNTY's employee:

   a. Driving in a manner that the agents knew or should have known posed a high degree of risk or serious injury, while performing a ministerial function in bad faith;
   b. Failure to drive with due regard for the safety of all persons, including Fernando Espino Delgado;
   c. Driving in a manner that posed a high degree of risk or serious injury to individuals, including Fernando Espino Delgado,
   d. Driving with reckless disregard for the safety of others;
   e. Driving recklessly in violation of Tex. Transp. Code Ann.§ 545.401;
   f. Driving at a speed greater than is reasonable and prudent under the circumstances then existing, in violation of § 545.351(a) of the Texas Transportation Code;
   g. Driving at a speed greater than was reasonable and prudent under the conditions, having regard to actual and potential hazards then existing, and failing to control the speed of the motor vehicle of Defendant as necessary to avoid colliding with Plaintiff's motor vehicle that was on the highway in compliance with the law and the duty of each person to use due care, in violation of § 545.351(b) of the Texas Transportation Code;
   h. Driving at a speed in excess of the posted speed limit for the roadway at or near where the collision the subject of this lawsuit occurred which is prima facie evidence that the speed of the motor vehicle of Defendant was unlawful and not reasonable and prudent, in violation of § 545.352 of the Texas Transportation Code;
   i. Failing to maintain an assured clear distance between Defendant's motor vehicle and Plaintiff's motor vehicle so that, considering the speed of the motor vehicles, traffic, and the conditions of the highway, Defendant's motor vehicle could be safely brought to a stop without colliding with or veering into the vehicle that Plaintiff was in, in violation of § 545.062 of the Texas Transportation Code;
   j. Failing to maintain proper control of his vehicle as a person using ordinary care would have done under the same or similar circumstances;
   k. Failing to comply with a traffic-control device in violation of Tex. Transp. Code § 544.004;
   l. Failing to stop as close as possible to the scene after the ejection of 12 individuals from the vehicle in violation of Tex. Transp. Code § 550.021;

    m. Negligently driving at a speed of over 100 miles per hour on public roadways;
    n. Failing to turn Defendant's motor vehicle to the right to avoid the collision as a person using ordinary care would have done;
    o. Failing to turn Defendant's motor vehicle to the left to avoid the collision as a person using ordinary care would have done;
    p. Failing to sound the horn on Defendant's motor vehicle or give any other warning as a person using ordinary care would have made;
    q. Failing to make timely or proper application of the brakes on Defendant's motor vehicle as a person using ordinary care would have made;
    r. Negligent steering of a motor vehicle;
    s. Failure to keep a proper lookout;
    t. Failure to avoid a collision;
    u. Failure to warn of the dangers;
    v. Failure to pay attention;
    w. Failure to take proper evasive action; and
    x. Other acts of negligence.

Each of which acts or omissions were other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' damages.

### NEGLIGENCE & NEGLIGENCE PER SE OF DEFENDANT MONSIVAIS

31. Said collision and Plaintiffs' damages were proximately caused by Defendant MONSIVAIS' violations of the laws of the State of Texas and of the United States of America constituting negligence per se.

32. Defendant MONSIVAIS owed a reasonable degree of care to Plaintiffs. Plaintiffs alleges that the collision and their damages were proximately caused by the negligence of Defendant MONSIVAIS arising from one or more of the following acts or omissions on the part of Defendant MONSIVAIS:

    a. Driving recklessly in violation of Tex. Transp. Code § 545.401;
    b. Turning his vehicle when the movement could not be made safely, in violation of Tex. Transp. Code § 545.103;
    c. Driving at a speed greater than is reasonable and prudent under the circumstances then existing, in violation of Tex. Transp. Code § 545.351(a);
    d. Failing to control the speed of a motor vehicle as necessary to avoid the actual and potential hazards in violation of Tex. Transp. Code § 545.351(b);
    e. Driving at a speed in excess of the posted speed limit for the roadway at or near where the incident occurred—constituting prima facie evidence that the speed is not reasonable and prudent under Tex. Transp. Code § 545.352;
    f. Failing to maintain an assured clear distance between other vehicles so that Defendant's

vehicle could be safely brought to a stop without losing control in violation of Tex. Transp. Code § 545.062;
g. Negligently driving at a speed of over 100 miles per hour on public roadways;
h. Failing to maintain proper control of his vehicle as a person using ordinary care would have done under the same or similar circumstances;
i. Negligent steering of a motor vehicle;
j. Failure to keep a proper lookout;
k. Failure to avoid a collision;
l. Failure to use due care in operating a motor vehicle;
m. Failure to warn of the dangers;
n. Failure to pay attention;
o. Failure to take proper evasive action; and
p. Other acts of negligence.

Each of which acts or omissions were other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs' damages.

## DAMAGES OF THE ESTATE OF DELGADO

33. Plaintiffs would show that as a proximate cause of the negligence of Defendants, Decedent and his estate were severely damaged. DELGADO, deceased, suffered injuries to his body and died. Decedent was a young man and a good provider. Decedent was working and could well reasonably expect an increase in earnings. Decedent had a child named CRISTOFER DE JESUS ESPINO GALLEGOS, and a wife named BLANCA MARISELA GALLEGOS REYES. Further, Decedent was survived by his parents, CONSUELO DELGADO BRIONES and JESUS ESPINO SIFUENTES. During his lifetime, Decedent was industrious and energetic. He performed numerous and usual tasks in and about the family residence and gave advice, counsel, comfort, care and protection to his family. In all probability, he would have continued to do so, providing for and supporting his family emotionally, as well as economically, as he planned to provide for his family in accordance with their desires and goals in life. Plaintiff DELGADO suffered damages, including, but not limited to:

a. Physical pain and mental anguish.
b. Disfigurement.
c. Loss of earning capacity.

    d. Physical impairment.
    e. Bodily injuries.
    f. Conscious pain, suffering and excruciating physical agony prior to death.
    g. Medical, hospital and nursing expenses.
    h. Funeral expenses.

## DAMAGES OF BLANCA MARISELA GALLEGOS REYES

34. Plaintiff BLANCA MARISELA GALLEGOS REYES is the wife of DELGADO, Deceased. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff BLANCA MARISELA GALLEGOS REYES has sustained injury and damages as a result of the wrongful death of her husband, including, but not limited to the following:

    a. Financial and monetary assistance sustained in the past, including the loss of financial assistance and support, care, maintenance, services, and reasonable contributions of financial value to the household;
    b. Financial loss that, in reasonable probability will be sustained in the future, including the loss of financial assistance and support, care, maintenance, services, and reasonable contributions of financial value to the household;
    c. Pecuniary loss sustained in the past, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
    d. Pecuniary loss that, in reasonable probability will be sustained in the future, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
    e. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention sustained in the past;
    f. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention that, in reasonable probability, will be sustained in the future;
    g. Loss of inheritance, gifts, benefits, and other valuable gratuities;
    h. Mental anguish sustained in the past;
    i. Mental anguish that, in reasonable probability, will be sustained in the future;
    j. Loss of her husband's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship;
    k. Loss of addition to the estate;
    l. Loss of gifts, inheritance, benefits, and other valuable gratuities;
    m. Past and future medical and counseling expenses; and
    n. Other damages allowed by law.

## DAMAGES OF CRISTOFER DE JESUS ESPINO GALLEGOS

35. Plaintiff JESUS ESPINO GALLEGOS is the son of DELGADO, Deceased. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff CRISTOFER DE JESUS

ESPINO GALLEGOS has sustained injury and damages as a result of the wrongful death of his father, including, but not limited to the following:

   a. Financial and monetary assistance sustained in the past, including the loss of financial assistance and support, care, maintenance, services, and reasonable contributions of financial value to the household;
   b. Financial loss that, in reasonable probability will be sustained in the future, including the loss of financial assistance and support, care, maintenance, services, and reasonable contributions of financial value to the household;
   c. Pecuniary loss sustained in the past, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
   d. Pecuniary loss that, in reasonable probability will be sustained in the future, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
   e. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention sustained in the past;
   f. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention that, in reasonable probability, will be sustained in the future;
   g. Loss of inheritance, gifts, benefits, and other valuable gratuities;
   h. Mental anguish sustained in the past;
   i. Mental anguish that, in reasonable probability, will be sustained in the future;
   j. Loss of his father's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship;
   k. Loss of addition to the estate;
   l. Loss of gifts, inheritance, benefits, and other valuable gratuities;
   m. Past and future medical and counseling expenses; and
   n. Other damages allowed by law.

## DAMAGES OF JESUS ESPINO SIFUENTES

36.     JESUS ESPINO SIFUENTES is the father of DELGADO, deceased. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff JESUS ESPINO SIFUENTE has sustained injury and damages as a result of the wrongful death of his son, including but not limited to the following:

   a. Financial and monetary loss sustained in the past, including the loss of wages, care, maintenance, support, services, and reasonable contributions of financial value to the household;
   b. Financial loss that, in reasonable probability will be sustained in the future, including the loss of wages, care, maintenance, support, services and reasonable contributions of financial value to the household;

  c. Pecuniary loss sustained in the past, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
  d. Pecuniary loss that, in reasonable probability will be sustained in the future, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
  e. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention sustained in the past;
  f. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention that, in reasonable probability, will be sustained in the future;
  g. Loss of inheritance, gifts, benefits, and other valuable gratuities;
  h. Mental anguish sustained in the past;
  i. Mental anguish that, in reasonable probability, will be sustained in the future;
  j. Loss of his son's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship;
  k. Loss of addition to the estate;
  l. Loss of gifts, inheritance, benefits, and other valuable gratuities;
  m. Past and future medical and counseling expenses; and
  n. Other damages allowed by law.

## DAMAGES OF CONSUELO DELGADO BRIONES

37. Plaintiff CONSUELO DELGADO BRIONES is the mother of DELGADO, deceased. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff CONSUELO DELGADO BRIONES has sustained injury and damages as a result of the wrongful death of her son, including, but not limited to the following:

  a. Financial and monetary loss sustained in the past, including the loss of wages, care, maintenance, support, services, and reasonable contributions of financial value to the household;
  b. Financial loss that, in reasonable probability will be sustained in the future, including the loss of wages, care, maintenance, support, services and reasonable contributions of financial value to the household;
  c. Pecuniary loss sustained in the past, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
  d. Pecuniary loss that, in reasonable probability will be sustained in the future, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
  e. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention sustained in the past;
  f. Loss of Decedent's society and companionship, love, affection, comfort, protection, and attention that, in reasonable probability, will be sustained in the future;
  g. Loss of inheritance, gifts, benefits, and other valuable gratuities;

    h.   Mental anguish sustained in the past;
    i.   Mental anguish that, in reasonable probability, will be sustained in the future;
    j.   Loss of her son's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship;
    k.   Loss of addition to the estate;
    l.   Loss of gifts, inheritance, benefits, and other valuable gratuities;
    m.   Past and future medical and counseling expenses; and
    n.   Other damages allowed by law.

### CLAIM FOR PUNITIVE DAMAGES

38.    Plaintiffs are entitled to punitive damages because of Defendants' gross negligence. Defendants' acts or omissions, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  Plaintiffs are entitled to punitive damages in a sufficient amount to punish Defendants for their reckless, heedless and intentional conduct and to set an example for others that such conduct will not be tolerated.

### JURY DEMAND

39.    Plaintiffs respectfully request a trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that the Defendants be cited to appear and answer, and that upon final trial, Plaintiffs have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiffs may be justly entitled.

        Respectfully submitted,

        **Espinoza Law Firm, PLLC**
        10202 Heritage Blvd.
        San Antonio, Texas 78216
        210.229.1300 t
        210.229.1302 f
        www.espinozafirm.com

        */s/ Javier Espinoza*
        **JAVIER ESPINOZA**
        Texas Bar No. 24036534
        javier@espinozafirm.com
        e-service@espinozafirm.com
        **LARA BROCK**
        Texas Bar No. 24085872
        lara@espinozafirm.com